UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTINA CARSON ROBERDS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:11-CV-1027 CAS |
|  | ) |  |
| AT&T OPERATIONS, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The two-count complaint was filed in federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, with supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a). On June 5, 2012, plaintiff voluntarily dismissed with prejudice her federal Family and Medical Leave Act claim, leaving only her state law Missouri Human Rights Act ("MHRA") claim.

While federal courts often address state and federal discrimination claims together, state claims that require a separate analysis "[i]n most cases, . . . are dismissed without prejudice to avoid needless decisions of state law." Wierman v. Casey's General Stores, 638 F.3d 984 (8th Cir. 2011). Further, where federal claims have been dismissed, supplemental state law claims that raise novel or complex issues of state law may be remanded or dismissed without prejudice. 28 U.S.C. § 1367(c)(1).

This Court has observed that dismissal of MHRA claims is often appropriate where federal claims have been dismissed:

> In recent years, the analysis for a claim under the MHRA has diverged significantly from the analysis applied to comparable federal anti-discrimination statutes. Cf. Hill v. Ford Motor Co., 277 S.W.3d 659 (Mo. banc 2009). For instance, while plaintiff must satisfy a "but for" standard of causation for claims

> under the ADEA, plaintiff may recover on his claim of age discrimination under the MHRA so long as his age was a contributing factor in his discharge. Compare Gross [v. FBL Fin. Servs.], 129 S.Ct. [2343] at 2350 [(2009)] with Daugherty v. City of Md. Heights, 231 S.W.3d 814, 819 (Mo. banc 2007). Missouri has also abandoned the McDonnell Douglas burden-shifting analysis in evaluating claims under the MHRA. Id. These changes have prompted the Eighth Circuit to require that district courts dismiss or remand MHRA claims where the federal claims have been dismissed through summary judgment and diversity jurisdiction is absent. Clark v. Matthews Intern. Corp., 628 F.3d 462 (8th Cir. 2010); E.E.O.C. v. Con-Way Freight, Inc., 622 F.3d 933 (8th Cir. 2010); Wierman, 638 F.3d 984.

Dickey v. Lou Fusz Auto. Network, Inc., 2012 WL 162408, at *6 (E.D. Mo. Jan. 19, 2012).

The principle that the Court should avoid needless decisions of state law, particularly on novel claims, counsels in favor of the discretionary dismissal of plaintiff's MHRA claim without prejudice under 28 U.S.C. § 1367(c)(1). Dismissal would be improper, however, if the Court has jurisdiction based on diversity of citizenship. Wierman, 638 F.3d at 1003. Although diversity jurisdiction does not appear on the face of the complaint, see id. at 1003-04 (examining complaint to determine whether diversity jurisdiction existed following dismissal of federal claims), the Court will invite plaintiff to address whether diversity jurisdiction existed at the time the case was filed. See Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured . . . at the time the action is commenced[.]").

As the party asserting jurisdiction, plaintiff bears the burden to prove by a preponderance of the evidence that diversity jurisdiction exists over her MHRA claim. Clark v. Matthews Int'l Corp., 639 F.3d 391, 396 (8th Cir. 2011). The complaint in this case is silent as to damages. In a case based upon diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts determine whether a party has met the amount in controversy requirement by looking to the circumstances existing at the time the complaint is

filed.  See Schubert, 649 F.3d at 822.  Specific facts or evidence are required to demonstrate that the jurisdictional amount is met.  Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

In addition, there must be proof of each party's place of citizenship, including allegations of a corporate party's states of incorporation and principal place of business.  28 U.S.C. §§ 1332(a), (c)(1); see Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987).  Diversity of citizenship is determined at the time an action is filed.  Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).  The complaint alleges that plaintiff is a "resident" of Missouri, but does not allege the state of which she is a citizen.  Allegations of residence are insufficient to establish diversity jurisdiction.  See Sanders, 823 F.2d at 215.  Further, while the complaint alleges that defendant is a Missouri corporation with its principal place of business in Missouri, which would indicate a lack of diversity, defendant's answer denies these allegations.

The Court will grant plaintiff seven (7) days to establish the existence of the minimum amount in controversy and the requisite diversity of citizenship of the parties.  Defendant will have the opportunity to respond.  If plaintiff fails to timely and fully comply with this Order, the Court will decline to exercise supplemental jurisdiction over plaintiff's MHRA claim and will dismiss it without prejudice pursuant to 28 U.S.C. § 1367(c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a memorandum, including citation to any relevant authority or evidence, to establish that at the time the complaint was filed in this matter (1) the amount in controversy exceeded $75,000, and (2) complete diversity of citizenship existed, by **June 13, 2012**.

**IT IS FURTHER ORDERED** that defendant shall file any response by **June 20, 2012**.

　　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of June, 2012.