# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA CARSON ROBERDS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11-CV-1027 CAS |
| AT&T OPERATIONS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Responses to the Memorandum and Order of June 6, 2012, which sought to determine whether diversity jurisdiction exists in this case following the voluntary dismissal of plaintiff's federal Family and Medical Leave Act claim. The Court directed plaintiff to show that diversity jurisdiction exists, and provided defendant with the opportunity to respond. The Court stated that if diversity jurisdiction did not exist, it would decline to exercise supplemental jurisdiction over plaintiff's Missouri Human Rights Act ("MHRA") claim and dismiss the case without prejudice pursuant to 28 U.S.C. § 1367(c)(1).

Plaintiff's Response states that while there is in excess of $75,000 in controversy, the parties are not of diverse citizenship as both are "residents" of the State of Missouri, and therefore diversity jurisdiction does not exist.[1] In the body of her response, plaintiff requests the Court to dismiss her MHRA claim without prejudice so she can pursue it in state court. Based on this request, the Court directed the Clerk to re-docket plaintiff's response as a motion to dismiss Count II of the Complaint.

---

[1] As stated in the Memorandum and Order of June 6, 2012, allegations of residence are insufficient to establish diversity jurisdiction. Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987). A party must allege facts relating to citizenship. Id. The Court therefore disregards as immaterial plaintiff's assertions regarding the parties' residences.

Defendant's Response asserts that diversity jurisdiction exists. Defendant relies on plaintiff's assertion concerning the amount in controversy. With respect to citizenship, defendant asserts that at the time suit was filed, plaintiff was a citizen of Missouri and it was a Delaware corporation with its principal place of business in Texas.[2] Defendant states that after the Complaint was filed, it merged into AT&T Services, Inc., which is also a Delaware corporation with its principal place of business in Texas. Defendant's Response is supported by the Declaration of the Assistant Secretary of AT&T Services, Inc., and relevant portions of plaintiff's deposition.

Plaintiff did not file a reply to defendant's Response and the time to do so has passed. Based on the parties' Responses, the Court finds that diversity jurisdiction existed at the time this action was filed, and therefore it has jurisdiction over plaintiff's MHRA claim. As a result, defendant's motion to dismiss should be denied.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II of the Complaint without prejudice is **DENIED**.  [Doc. 21]

                                  **CHARLES A. SHAW**
                                  **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of July, 2012.

---

[2] Diversity of citizenship is determined at the time an action is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

[3] It should be noted the Court does not construe plaintiff's motion to dismiss as a motion under Rule 41(a)(2), Fed. R. Civ. P.